UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:22-CV-20689-RNS

RAUL R. MOTAS,

    Plaintiff,

Vs.

UNITED CONCRETE PRODUCTS, LLC

    Defendant.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT, DISMISSAL OF THIS MATTER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, RAUL MOTAS and Defendant, UNITED CONCRETE PRODUCTS LLC (collectively "the Parties"), jointly request that this Honorable Court approve the Parties' settlement of the above-captioned matter and dismiss this matter with prejudice. A copy of the settlement agreement between the Parties is attached as Exhibit "A." [1]

**I.**     **Legal Principles and Settlement**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA may be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second,

---

[1] Plaintiff's counsel has reviewed and agreed to the joint motion.

in the context of a private lawsuit brought by an employee or former employee against an employer under Section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee's FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of this case involves a situation in which the Court may approve the Parties' settlement. The proposed settlement arises out of an action brought by the Plaintiff against an employer, which was adversarial in nature. During the litigation and negotiation of the settlement of this action, Plaintiff and Defendant were both represented by counsel experienced in FLSA matters.

The Parties agree that the instant action involves disputed issues. Such issues included whether the Defendants failed to pay Plaintiff overtime and, if so, the extent to which Plaintiff is owed compensation and whether liquidated damages were appropriate against Defendant.

Plaintiff was employed by Defendant United Concrete Products, a division of Eagle Manufacturing Group. On March 10, 2021, he was transferred to another division of Eagle Manufacturing Group, Eagle Metal Processing and Recycling. He remained there until he was terminated effective October 31, 2021.

Plaintiff averred that an automatic deduction of .5 hours was taken for lunch for lunch. He worked six days per week. In his statement of claim, Plaintiff asserted that he was seeking 3 hours per week of overtime for the last 133 weeks of his employment based on a rate of pay of $29.90 per hour. The overtime rate of $44.84 for a total unliquidated claim of $18,702.45. Plaintiff asserted that he always worked through lunch.

During discovery, Defendant presented evidence in the form of time sheets and pay-stubs. Defendant asserted that the time sheets show that the automatic deduction was only taken for the 25-week period when Plaintiff was assigned to Eagle Metal Processing and Recycling. Further, his rate of pay during this period was $20.00 per hour. The time sheets also show he took 2 weeks of leave during this period. This leads to a calculation of $2070 unliquidated. Defendant asserts the pay stubs show that Plaintiff was paid all additional overtime that he worked. Defendant maintains it had witnesses who would testify Plaintiff took his lunch every day.

Discovery was conducted. Written discovery was exchanged and Plaintiff's deposition was taken. After exchanging settlement offers, and other information and several discussions between counsel negotiating in good faith, the Parties agreed to settle this case. As part of the settlement, the

Parties agreed that Defendant will pay a total of $6,000.00 to Plaintiff ($3,000.00 to Plaintiff for back pay and $3,000.00 for liquidated damages). Based on the above calculations, this amount could represent more than full relief and compensation to Plaintiff. Also, counsel for Plaintiff will receive $7,000 in attorney's fees and $500 in costs which include the $402 filing fee and costs of service. With regard to attorney's fees, Plaintiff's counsel bills at $400 per hour and claimed to have spent over 23 hours on this matter as of the preparation of this motion.

The parties agree this is a fair and reasonable settlement of Plaintiff's claim with the disputed issues and facts in the case and represents a reasonable compromise of the Plaintiff's FLSA claims. The Parties negotiated the damages, fees, and costs separately so this Court should approve the settlement. *See Bonetti v. Embarq Management Company*, 715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009).

**WHEREAS,** for the reasons more fully explained herein, the Parties jointly and respectfully request that this Court approve the settlement agreement between Plaintiff and Defendant and dismiss the instant action with prejudice.

Respectfully submitted this 31st day of August, 2022.

| | |
|---|---|
| By: /s/ *Zandro E. Palma* <br> Zandro E. Palma, Esq. <br> Florida Bar No.: 0024031 <br> <br> **Zandro E. Palma, P.A.** <br> 9100 S. Dadeland Blvd, Suite 1500, <br> Miami, Florida, 33156 <br> Telephone: (305) 446-1500 <br> Facsimile: (305) 446-1502 <br> zep@thepalmalawgroup.com <br> *Counsel for Plaintiff* | KELLEY KRONENBERG <br> Angelo Filippi, Esq. <br> 10360 West State Road 84 <br> Fort Lauderdale, Florida 33324 <br> Tel: (954) 370-9970 <br> Fax: (954) 333-3763 <br> <br> Angelo M. Filippi, Esq. <br> Florida Bar No. 0880851 <br> *afilippi@kelleykronenberg.com* <br> *Counsel for Defendants* |

### CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Dated: August 31, 2022.

Respectfully submitted,

/s/ **Zandro E. Palma**
ZANDRO E. PALMA, ESQ.

### CERTIFICATE OF SERVICE
1:22.CV-20689-RNS

KELLEY KRONENBERG
Angelo Filippi, Esq.
*Counsel for Defendant United Concrete Products, LLC*
10360 West State Road 84
Fort Lauderdale, Florida 33324
Tel: (954) 370-9970
Fax: (954) 333-3763
*Counsel for Defendants*

Zandro E. Palma, Esq.
THE LAW OFFICES OF
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, Florida 33156
Telephone: 305-446-1500
Facsimile: 305-446-1502
E-mail: zep@thepalmalawgroup.com
*Counsel for Plaintiff*